## HAZARD vs. BOYD.

APPEAL from the parish court of the parish and city of New-Orleans.

MATHEWS, J., delivered the opinion of the court. This is a suit brought by a partner against his co-partner, in which he claims on account a certain sum, as set forth in his petition. The partnership appears to have been special, and limited to profit and loss on the wages and perquisites of the plaintiff, as master of a vessel, and those of the defendant as supercargo. The claim is made for items improperly charged by the defendant on the debit side of an account by him rendered of the concerns of the partnership; and also, for

*The partner of my partner is not my partner. An authority to purchase merchandise, will not authorise the agent to buy medicine on partnership account.*

HAZARD
*vs.*
BOYD.

sums neglected to be credited on said account, amounting in all to $532 81 cents. There was judgment of nonsuit in the court below, from which the plaintiff appealed.

A bill of exceptions was taken to the opinion of the judge *a quo*, by which he admitted the testimony of the owners of the vessel or brig, offered on the part of the defendant, and also a letter addressed by one of the former to him as supercargo. These witnesses, we believe, were competent to testify between the parties to the present suit: it does not appear, nor is it pretended, that they have any interest in common with them, as partners in the manner above stated. The circumstance of the defendant being a partner with them, or either of them, does not in any way connect them with the society which existed between plaintiff and defendant; for *socii mei socius, meus socius non est, Digest*, 50, 17, 470. The latter relates to the interest which the defendant had, or was to have had, as a partner with the owner in the profit or loss which might have accrued in a trade which was to be carried on between the port of New-Orleans and Mexico, in tobacco, &c.

East'n. District.
*March*, 1826.

HAZARD
*vs.*
BOYD.

The probable advantages of that trade appear to have been, so far as the supercargo was interested in it, a principal part of his capital in the partnership, entered into between him and the master, and was, in all probability, communicated to the latter. It therefore is applicable to the dispute between the parties to this suit, as exhibiting, in some degree, the fund of the defendant on which the partnership seems to have been based, and was properly admitted in evidence.

The principal facts necessary to be considered in the decision of the cause, as they appear by the testimony, are these: 1. The alleged partnership is proven; 2. The amount of profit on the return in medicine is established, and forms the largest item of the unsettled accounts of the partners; 3. The sums credited to the plaintiff for money gained by carrying passengers, seems not to have been allowed by either of the owners of the vessel: Huntington, the first proprietor, and Young, the second, both deny the authority of the supercargo to make that allowance to the captain or master. 4. The item of forty-seven dollars charged to the plaintiff, appears to be erroneous; 5. No vouchers are produced to

East'n. District. show, that the master of the brig laid out the
*March*, 1826. sum of fifty-three dollars and fifty cents for
the benefit of the vessel.

HAZARD
*vs.*
BOYD.

The right of the plaintiff to more than one sixth of the half of the profits made on the sale of medicine, is denied, it being agreed that Doctor Purnel, who was concerned with him, was entitled to one half of the profits: the remaining half, it is contended by the defendant, ought rightfully to be divided between him and the owners of the brig, giving to the latter two thirds, alleging that he purchased said medicine with their funds. This disposition of the profits would probably be correct, if this kind of traffic thus entered into, comes within the lawful scope of the trade intended to be carried on by the owners. The only article of commerce expressly mentioned, is tobacco, to which is added &c. Under this &c. we cannot believe that the supercargo was at liberty to become an apothecary, and as such bind the owners, for whom he conducted ordinary commerce, by contracts for the purchase and sale of drugs and medicines. The circumstance of the purchase in the present instance, having been made with their money, cannot alter the case.

It is believed that this adventure, both as to profit and loss, belonged exclusively to Doctor Purnel, the witness and the parties to this suit, and consequently, that the plaintiff is entitled to one fourth of the profits, which is shown to be about 400 dollars: to this sum must be added forty-seven dollars, erroneous charge against him. As the credit allowed on account of money paid by passengers, seems not to have been tolerated by the owners of the brig, we are of opinion that it ought to be deducted from the credit side of the account rendered by the defendant; giving the plaintiff the one fourth of the profits on the adventure in medicines, and crediting him by the sum improperly charged. There appears to be due to him 461 dollars, from which must be deducted 227 dollars improperly allowed to him for passage money, and 111 dollars and 11 cents credited thereon in his account, leaving a balance in favor of the plaintiff of 122 dollars and 89 cents, for which we are of opinion he ought to obtain judgment.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court

HAZARD
*vs.*
BOYD.

be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant the sum of one hundred and twenty-two dollars and eighty-nine cents, with costs in both courts.

*Hoffman* for the plaintiff, *Slidell* for the defendant.